LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
COMPANIA CHILENA de NAVEGACION
INTEROCEANICA S.A. d/b/a CCNI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VIGILANT INSURANCE COMPANY,

                                                **ECF CASE**

               Plaintiff,

        - against -                           07 CV 5910 (NRB)

M/V "CCNI CARTAGENA", her engines,
tackle, boilers, etc.; CCNI; et al.,                **ANSWER**

               Defendant.
-------------------------------------------------------------------X

        Defendant COMPANIA CHILENA de NAVEGACION INTEROCEANICA S.A.

d/b/a "CCNI" ("CCNI"), by its attorneys, Lyons & Flood, LLP, for its Answer to

plaintiff's Complaint, alleges upon information and belief as follows:

        1.      Admits the claim falls within the Court's admiralty and maritime

jurisdiction, but except as so specifically admitted herein, denies the remaining

allegations contained in Paragraph 1 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 2 of the Complaint.

        3.      Admits the allegations contained in Paragraph 3 of the Complaint.

        4.      Avers that Paragraphs 4 and 5 of the Complaint consist of argument and/or

conclusions of law to which neither admission nor denial is required. To the extent that

factual allegations are included, defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraphs 4 and 5 of the Complaint.

5.    Admits that on or about July 8, 2006, that shipments of wine were delivered into the care, custody and control of defendant CCNI who contracted to carry the cargo from San Antonio, Chile to New York, New York in accordance with the terms and conditions contained in certain bills of lading issued by CCNI, but except as so specifically admitted herein, denies the remaining allegations contained in Paragraphs 6 and 7 of the Complaint.

6.    Denies the allegations contained in Paragraphs 8 and 9 of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

8.    Denies plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

9.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

10.    Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

11.    The shipments described in plaintiff's Complaint are subject to all the terms, conditions, and exceptions, contained in certain bills of lading or other contracts of carriage then and there issued therefore by which plaintiff, shippers, cargo owners, consignees, and holders of said bills of lading or contracts of carriage agreed to be and are bound. Any mis-delivery, non-delivery, non-conformance, shortage, loss or damage

to the shipments, which defendant expressly denies, was due to causes for which defendant is not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 USC 1300 *et seq.* approved April 16, 1936 (and any subsequent amendments thereto), the Harter Act, the provisions of the bills of lading, or other contracts of carriage, and/or the General Maritime Law and/or applicable foreign law and/or charter parties and/or the Hague-Visby Rules and/or fixture agreements and/or booking notes.

## FOURTH AFFIRMATIVE DEFENSE

12.    Due diligence was exercised to make the vessel and her appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage, and preservation.

## FIFTH AFFIRMATIVE DEFENSE

13.    If the shipments were damaged, which defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which defendant is not liable pursuant to § 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage.

## SIXTH AFFIRMATIVE DEFENSE

14.    Any damage to the shipments, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which defendant is not liable pursuant to §1304(2)(m) of COGSA and by the terms of the contracts of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

15.    Plaintiff has failed to mitigate reasonably its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

16.    Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which defendant is not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

## NINTH AFFIRMATIVE DEFENSE

17.    The maximum liability of defendant, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading or other contracts of carriage and pursuant to the provisions of COGSA, specifically § 1304(5).

## TENTH AFFIRMATIVE DEFENSE

18.    If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents and representatives, including but not limited to, the stevedores and warehousemen at the load port and discharge ports.

## ELEVENTH AFFIRMATIVE DEFENSE

19.    If plaintiff's cargo suffered any loss or damage, which defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

## TWELFTH AFFIRMATIVE DEFENSE

20.    The shipments described in the Complaint are subject to all the terms, conditions, and exceptions contained in certain charter parties to which plaintiff and the

shippers and consignees agreed to be and are bound. Any shortage, loss or damage to the shipment, which defendant expressly denies, was due to causes for which defendant is not liable or responsible by virtue of the provisions of said charter parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

21.     If plaintiff's cargo suffered any loss or damage, which defendant expressly denies, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which the carrier is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage.

## FOURTEENTH AFFIRMATIVE DEFENSE

22.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the bills of lading and as required by § 1303(6) of COGSA.

## FIFTEENTH AFFIRMATIVE DEFENSE

23.     If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

WHEREFORE, Defendant prays:

a.     that plaintiff's prayer for relief be denied.

b.     that judgment be entered in favor of defendant against plaintiff, dismissing the Complaint herein together with costs and disbursements of this action;

c.      that judgment be entered in favor of defendant for such other and further

relief as the Court deems just and proper.

Dated:  New York, New York
        August 22, 2007

                                LYONS & FLOOD, LLP
                                Attorneys for Defendant
                                COMPANIA CHILENA de
                                NAVEGACION INTEROCEANICA S.A.
                                d/b/a "CCNI"


                        By:     _Edward P. Flood_

                                Edward P. Flood (EPF-5797)
                                65 West 36th Street, 7th Floor
                                New York, New York 10018
                                (212) 594-2400




TO:     David L. Mazaroli
        Attorney for Plaintiff
        11 Park Place, Suite 1214
        New York, NY 10007
        (212) 267-8480
        File No: 7C-1434


U:\FLOODDOC\2541005\Pleadings\Answer.doc

## <u>CERTIFICATE OF SERVICE</u>

Erika Tax declares and states that:-

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for defendant COMPANIA CHILENA de NAVEGACION INTEROCEANICA S.A. d/b/a "CCNI" with offices at 65 West 36th Street, 7th Floor, New York, NY 10018.

On August 22, 2007, I served true copies of the attached Answer to Complaint upon:-

> David L. Mazaroli
> Attorney for Plaintiff
> 11 Park Place, Suite 1214
> New York, NY 10007
> (212) 267-8480
> File No: 7C-1434

by depositing same in a sealed and postage prepaid envelope, in a post-office or official depository of the US Postal Service within the State of New York, addressed to the last known address of the addressees as indicated above.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on: August 22, 2007

_____
Erika Tax